IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **COINMACH CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 05-CV-852-WDS** |
| ) | |
| **MARION COUNTY HOUSING** ) | |
| **AUTHORITY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to which plaintiff has filed a response and defendant a reply.

Defendant claims that this Court lacks subject matter jurisdiction over this cause of action because plaintiff has not shown that the amount in controversy exceeds $75,000. Plaintiff and defendant are parties to a seven-year lease agreement with an effective date of August 1, 1994, plus a renewal option. The lease was renewed in 2001, with a new expiration date of July 31, 2008. Plaintiff's complaint alleges that defendant breached the lease agreement in that it wrongfully attempted to terminate the lease as of July 31, 2005. Defendant argues that plaintiff's alleged damages cannot exceed $75,000 because if plaintiff succeeds, it is only entitled to, at most, approximately $37,171.97 (55% of the gross revenues under the lease for the period of August 1, 2005 to July 31, 2008, plus damages for the loss of equipment).[1] Consequently, defendant argues, plaintiff has not met its jurisdictional burden of showing that the amount in

---

[1] According to an affidavit submitted by defendant, plaintiff's share of the average yearly gross revenue was $10,223.99. The value of the equipment was $6,500.

controversy exceeds $75,000.

However, as plaintiff argues, the lease provides for not just a one-term, but a two-term renewal.  The complaint alleges that:

> 12. .... Coinmach anticipated exercising its option to renew the Lease for the second renewal period when the current renewal period ended.
>
> * * *
>
> 14. Contrary to assertions made in the Notice of Cancellation, the Lease did not provide MCHA the ability to cancel the lease on six month's notice. The only provision of the Lease providing MCHA with any ability to terminate the Lease prior to the end of any term is Section 5(a), which only permits MCHA to cancel the Lease if Coinmach fails to correct service problems within 30 days of notice of such problems.
>
> 15. Coinmach corrected any and all service problems reported to it within 30 days of notice of such service problems.
>
> 16. MCHA did not purport to cancel the Lease because of any failure by Coinmach to correct a service problem.

Based on the language of the complaint and the lease, the Court cannot agree with defendant's assessment that the anticipated renewal of the lease after the 2008 expiration is "speculative and conclusory."  Therefore, revenues that plaintiff would have earned during the second renewal period from August 1, 2008, through July 31, 2015, are properly considered in the total damages it may recover in this action.  Accordingly, plaintiff's approximate total damages would be $71,567.93 ($10,223.99 x 7 years), in addition to the $37,171.97 discussed above, for a total of $108,739.90, well in excess of the jurisdictional minimum.

Accordingly, defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   March 17, 2006.**

                                              **s/ WILLIAM D. STIEHL**
                                                   **DISTRICT JUDGE**